UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN G. WESTINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00567-WTL-MPB |
| | ) | |
| WARDEN USP TERRE HAUTE, | ) | |
| US. PROBATION, | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Petitioner John G. Westine, Jr., currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence with relation to two detainers placed upon him.[1] He asks the court to vacate the "illegal" detainers as void.

---

[1] The exhibit attached to the petition describes the detainers as follows:

```
REGNO..: 93555-012 NAME: WESTINE, JOHN G JR


------------------------------ CURRENT DETAINERS: ------------------------------

DETAINER NO..: 001
DATE LODGED..: 06-13-2017
AGENCY.......: US MARSHALS SERVICE
AUTHORITY....: UNITED STATES MARSHAL
CHARGES......: FEDERAL PROBATION/SUPERVISED RELEASE VIOLATION WARRANT
               USM S/IN LODGES SUPERSEDING DETAINER REPLACING DETAINER DATED
               10-20-16 TO FCI VIM FOR THE CENTRAL DISTRICT OF CALIFORNIA

DETAINER NO..: 002
DATE LODGED..: 12-03-2014
AGENCY.......: PAROLE COMMISSION
AUTHORITY....: UNITED STATES PAROLE COMMISSION
CHARGES......: PAROLE VIOLATION
```

Dkt. No. 1 at p. 10.

## I. FILING FEE

The petitioner's motion for leave to proceed without prepaying fees or costs, Dkt. No. 2, is **granted** because the Court finds that the petitioner does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the petitioner will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full five dollar filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See id. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After reviewing the Petition in the present case, the Court concludes that petitioner is not eligible for relief under § 2241 at this time, and the Petition must be dismissed.

Petitioner is essentially seeking an order from this Court directing the removal of two detainers. This is the same claim previously raised in *Westine v. Warden USP Terre Haute and United States Parole Comm.,* Case No. 2:17-cv-558-JMS-MJD.

At the outset, this Court must independently evaluate the substance of a petitioner's claim to determine if the correct statute – in this case 28 U.S.C. § 2241 – is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Here, the Petition is subject to dismissal because § 2241 is not the appropriate procedural vehicle for the claim the petitioner is raising at this time.[2] *See Merriweather v. U.S. Parole Comm'n*, No. 16-CV-0561-DRH, 2016 WL 3683128, at *2–3 (S.D. Ill. July 12, 2016) (dismissing § 2241 petition seeking to remove a detainer). It appears from the limited facts provided in the Petition and the petitioner's criminal record that petitioner is merely seeking the removal of a detainer, though he will remain in custody as a result of his conviction for several crimes in the United States District Court for the Eastern District of Kentucky in Case No. 3:14-cr-00010-GFVT-REW. Specifically, Judgment reflecting a term of imprisonment of 480 months was entered on March 18, 2016, in that criminal case. In addition, petitioner's direct appeal remains pending before the Sixth Circuit Court of Appeals in No. 16-5356.

---

[2] In addition, district courts should not construed a mistakenly-labeled habeas corpus petition as a civil rights complaint. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). This is because a petitioner can face obstacles under the Prison Litigation Reform Act. *See generally* 28 U.S.C. § 1915. Specifically, a petitioner is responsible for paying a much higher filing fee of $400, and a petitioner might be assessed a "strike" if the Court determined that the petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

Thus, the request to remove a detainer does not seek an outright release from custody or a quantum change in custodial status—the two primary remedies to be sought under a habeas petition. Instead, the petitioner merely seeks an order from this Court directing the U.S. Parole Commission and U.S. Marshal Service to remove a detainer despite the fact that petitioner will remain in custody.

To summarize, petitioner has not and cannot show that a grant of his requested relief would result in his release or some other quantum change in his custodial status. Absent a showing of this nature, he does not yet qualify for relief under § 2241, because he does not argue that he is wrongfully being held. His claim at this juncture is speculative. Instead, the U.S. Marshals Service and the United States Parole Commission have until the end of his current term of imprisonment to decide whether or not they will act upon the detainer. Until that moment arises, this Court is not able to grant the relief requested.

For these reasons, the petitioner's § 2241 Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Date: 1/2/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN G. WESTINE
93555-012
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808